IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 05-CR-00323-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS PENA,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the court for detention hearing on April 12, 2007. The court has taken judicial notice of the court's file and the pretrial services report.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

  (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

  First, the defendant has been charged in the Indictment in counts one and eighteen with Conspiracy to Possess with Intent to Distribute More Than 100 Kilograms but Less Than 1,000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(vii) and 846; in counts four, seven and nine with Use of a Telephone to Facilitate Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 843(b) and (d); and, in count twenty-two with Forfeiture in violation of 21 U.S.C. § 853(a)(1) and (1)(2). Based upon the Indictment, I find probable cause exists that the defendant committed the charged offenses.

  Second, I find that the defendant is in the United States illegally. Defendant was born in Mexico and appears to be a citizen of the Republic of Mexico. There is an BICE detainer that has been lodged against the defendant. Defendant has used the alias name of Gerardo Pena-Marquez in the past. Defendant has used another date of birth of January 15, 1978 in the past. The defendant's employment status is not verified and unknown at this time and the time he has been in Colorado is unknown. Defendant has one prior failure to appear which resulted in a warrant being issued for Defendant's arrest. Defendant has one prior failure to comply with supervision. Lastly, the nature of the instant offense involves conspiracy to possess with intent to distribute more than 100 kilograms but less than 1,000 kilograms of marijuana.

  In light of these facts and the defendant's immigration status, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order that the defendant be detained without bond.

  Done this 12th April 2007.

        BY THE COURT

        <u>S/ Michael J. Watanabe</u>
        Michael J. Watanabe
        U.S. Magistrate Judge